IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DALTON WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv282 |
| RISSIE OWENS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Dalton Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Williams says that he was convicted of aggravated robbery and murder in 1974, receiving a sentence of life in prison, but he was granted parole to the State of Colorado in 1986.

In April of 2003, Williams says that his parole was "revoked or suspended" and he was re-incarcerated.  He was not given a hearing prior to this re-incarceration.  In May of 2003, he was released from confinement, but his parole was modified to provide that he serve it in Texas. Williams says that he was not given a hearing prior to the terms of his parole being modified and reinstated.  As a result of the modification, he lost his job as a paralegal for a law firm in Colorado, and he was divorced from his wife.

On April 1, 2004, Williams says, the defendant Diane Schwartz held a parole revocation hearing at a state jail, which hearing was not open to the public.  Williams complains that he was denied a public revocation hearing and appointment of counsel, and was denied the right to call

1

witnesses as well as the right to a hearing before a parole panel.  On April 14, 2004, his parole was revoked by Rissie Owens, without the approval of the Governor of Texas.

That same day, April 14, 2004, Williams says, Nathaniel Quarterman, the Director of TDCJ-CID, deprived him of time credits on his sentence and "caused a breach of the plea bargain contract" by depriving him of credit on his sentence from September 26, 1986, to February 18, 2004, including all good time, trusty time, and other time credits.  Williams says that he did not receive notice or a hearing prior to this deprivation.

In January of 2005, Williams says that Owens and her agents denied him release to parole without first conducting a parole interview, and instead issued him a five-year set-off to 2010.  He says that this was "in clear violation of the *ex post facto* clause."  Finally, Williams states that on April 25, 2008, Kiel refused to issue a Special Review to correct "clear errors" of the Board and to issue a written statement of reasons why Williams had been denied parole.

After review of the pleadings, the Magistrate Judge issued a Report on July 14, 2008, recommending that the lawsuit be dismissed.  The Magistrate Judge noted that Williams had filed at least nine prior lawsuits which had been dismissed as frivolous or for failure to state a claim, and so comes under the "three strikes" provision of 28 U.S.C. §1915(g), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, the Magistrate Judge said, Williams did not pay the filing fee, nor did he show that he was in imminent danger of serious physical injury, and so the lawsuit is amenable to dismissal under Section 1915(g).

In addition, the Magistrate Judge stated, most of the incidents complained of appear to be barred by the two-year statute of limitations.  Williams signed his lawsuit on June 27, 2008, but all of the matters complained of except for one occurred prior to June 27, 2006.  The only issue raised by Williams which occurred after that date happened on April 25, 2008, when Paul Kiel refused to

issue a Special Review to correct "clear errors" of the Board and to issue a written statement of reasons why Williams had been denied parole.  The Magistrate Judge stated that this claim lacked merit because Williams had no liberty interest in obtaining parole ands thus could not complain of the constitutionality of procedural devices attendant to parole decisions.  Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995); Johnson v. Rodriguez, 110 F.3d 299, 310-11 (5th Cir. 1997).  The Magistrate Judge therefore recommended that Williams' application for leave to proceed *in forma pauperis* be denied and that Williams' lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice as to the refiling of the lawsuit upon payment of the full filing fee.  The Magistrate Judge also recommended that should Williams pay the full fee within 30 days of dismissal, his lawsuit be allowed to go forward as though the full fee had been paid from the outset.

Williams filed objections to the Magistrate Judge's Report on July 30, 2008.  In his objections, Williams does not dispute that he has three strikes, but says that he is not seeking to proceed *in forma pauperis*, which he defines as "without paying the filing fee;" rather, Williams asks permission to pay a partial filing fee of $75.00 and to make three monthly payments of $95.00, $95.00, and $90.00, until the full fee is paid.

Next, Williams complains that the Magistrate Judge "acted as counsel for the defendants" in raising the issue of the statute of limitations, which he says is a defense which must be pleaded. He says that because of the Magistrate Judge's actions, the Defendants should be barred from raising this defense.  In addition, Williams argues that the Defendants' conduct is part of a persistent pattern and thus falls under the "continuing violations theory," rendering all of this conduct within the limitations period.

Williams asserts that Section 1915(g) violates the Ex Post Facto Clause because the law prior to 1996 allowed him to file as many lawsuits as he wanted.  He says that many of his prior lawsuits were "withdrawn for extraordinary reasons" or should have been dismissed without prejudice, and so "errors did occur."  Nonetheless, he says that the enactment of this law impairs rights which he

3

enjoyed prior to 1996.  Williams also says that he has "never been cited for the filing of frivolous lawsuits," apparently overlooking the case from the Western District of Texas, which the Magistrate Judge cited, which found that Williams had filed nine prior cases which had been dismissed as frivolous or for failure to state a claim.  <u>Williams v. Owens, et al.</u>, civil action no. 1:05cv383 (W.D.Tex., dismissed for three strikes July 21, 2005) (appeal dismissed).

Finally, Williams says that under Texas law, he enjoys certain rights and privileges in the parole process which are protected under the Due Process and Equal Protection Clauses, which rights were "recklessly disregarded."  Hence, he says, he has a right to bring this claim in federal court.

Williams' request to pay the filing fee in installments is without merit.  The *in forma pauperis* statute, 28 U.S.C. §1915, allows qualifying prisoners to bring their lawsuits without prepaying the filing fee by letting them pay this fee over time, in installments.  Because Williams has three strikes under Section 1915(g), he does not qualify to proceed under the *in forma pauperis* statute for this, and consequently is not allowed to pay the fee in installments, but must pre-pay the full filing fee.  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 386 (5th Cir. 1996).

Although Williams complains that the Magistrate Judge "acted as counsel for the defendants" in raising the statute of limitations, the Fifth Circuit has held that the district court may raise the defense of limitations *sua sponte* in cases brought under Section 1915.  <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999).[1]  This contention is without merit.

Neither has Williams shown that the "continuing violations theory" will rescue his otherwise time-barred claims.  The Fifth Circuit has noted that a plaintiff cannot use the continuing violations theory to resurrect claims concluded in the past, even if their effects persist.  <u>McGregor v. Louisiana State University Board of Supervisors</u>, 3 F.3d 850, 867 (5th Cir. 1993).  In this case, Williams complains about a series of unconnected incidents, whose only link is that they all concern matters

---

[1]This is true whether the relevant statute is Section 1915(e)(2)(B) or Section 1915A, which applies to prisoner lawsuits regardless of whether or not the filing fee is paid.

of parole, albeit paroles granted at different times.  Williams' contention in this regard is without merit.

Although Williams contends that Section 1915(g) violates the Ex Post Facto Clause, this claim has been repeatedly rejected by the Fifth Circuit.  Adepegba, 103 F.3d at 386; *see also* Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997).  His contentions that his prior lawsuits were "withdrawn for extraordinary reasons" or should have been dismissed without prejudice must likewise fail.  Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 4) is hereby DENIED.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee.  Should Williams pay the full filing fee within 30 days of the date of entry of final judgment, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset; however, payment of the full filing fee will not affect a frivolousness analysis under 28 U.S.C. §1915A.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of August, 2008.**

_____

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**